Robert, is there for the appellant? I'll try and reserve three minutes. In our view, the issue before the court is a question of venue. To the extent it has any vitality left, the local action doctrine is a question of venue. We believe that the district court erred in considering it a matter of subject matter jurisdiction, and therefore, the district court decision was improper and the court should reverse. I was reading these very, very old cases, but it didn't appear that they had been overruled. And they did characterize this local action doctrine as a matter of jurisdiction. We know now it's not real jurisdiction, but sort of a prudential jurisdiction. But nonetheless, I didn't see that those cases had been overruled. So why aren't we still bound by them? Well, I would commend the Court to page 474 of the Ofer case, the second, third, and fifth full sentences. But that's a California case, correct? Right. So isn't Federal jurisdiction, even prudential jurisdiction, quasi-jurisdiction, whatever you want to call it, isn't that just a matter of Federal law? Well, that's a good question as well. The Josephine case, Your Honor, was a Ninth Circuit case that said look to State law. To determine whether an action is local in nature, but not to consider whether we have jurisdiction or, I guess, authority to hear the case. Right. But I guess the analysis that we went through was that if Josephine says look to State law for subject matter jurisdiction purposes, then that would lead to Ofer. And Ofer is the California Supreme Court case. If it's purely a matter of Federal law, then I think Congress has pretty much decided that the local action doctrine is a matter of venue. I granted the amendment. Well, didn't Congress say don't look at local action doctrine for venue, but didn't say anything about our authority to hear a case which is different than venue? Well, I think you have to step back and look at the subject matter jurisdiction statute, which is 1332 in this case for diversity. It doesn't have any carve out or exception for a local action doctrine. And we fit within 1332. But don't we do that all the times? We make up prudential restrictions like younger abstention and all sorts of things like that, where we say as a prudential matter, we won't hear this case. It raises a political question. But I don't – I'm not sure that abstention is a subject matter jurisdiction. It's a discretionary thing. And to me, subject matter jurisdiction relates to the fundamental power of the court. The court has to have subject matter jurisdiction in order to go through an abstention. Okay. We know that this is not that sort of jurisdiction. Right. Because the Supreme Court has told us that our jurisdiction, our authority comes from Congress or the Constitution. And this local action doctrine doesn't. So it has to be a prudential rule. But again, even though it's a prudential rule, we're still bound by our precedents. Well, I think you are bound by your precedents. And then I think, you know, there's two separate tracks we can go down here. If you want to look strictly at the Federal side of the equation, Congress has decided that this is an issue of venue. Though they amended 1391 after this case was filed, the point is when Congress was considering the local action doctrine, they were saying this is a venue question. Even if they had decided not to amend 1391, they were still analyzing it in terms of venue. So Congress on the Federal side of the equation believes it's a venue issue. Otherwise, they would have been amending 1332, which is the subject manager's diction statute, if they wanted to do something with the local action doctrine. So our case law says that in order to overturn a precedent, a three-judge panel, to overturn binding precedent, it has to be clearly irreconcilable with a Supreme Court case or other authority. So is there a way to say that the venue statute, where the Congress said don't look at this in considering venue, means that our old case saying this is a jurisdiction or authority question is clearly irreconcilable? Because otherwise, we'll be called en banc. Yes. No, I understand that. I'm trying to avoid that myself. I think you need to step back a little bit and look at the timing. And in particular, the Nerbo v. Bethlehem Steel case, which was the U.S. Supreme Court case from the 20s. And if you look at that case, Josevig and Ofer together, I think you can see that back when these cases were decided, the notions of venue and jurisdiction were merged. Getting back to those pages, the page of Ofer I was referring to, the second, third, and fifth sentence on 474, says in this state the rule is statutory. The action for injuries to real property must be tried in the county where the land is situated, except in those cases where a change of the place of trial may be ordered for special reasons. That's not subject matter jurisdiction. That's a venue concept. You can change it. And then the court cites 392, the state venue statute. The next sentence goes on to talk about how this is a notion of jurisdiction. And then two sentences later, the court talks about it in terms of venue again. So Ofer in 1910 language was really talking about what we call venue today, which is what — Now, are there Federal cases doing the same thing so that we could legitimately say this isn't really — we used the word jurisdiction, but it wasn't jurisdiction. We meant venue, see case. What case would we cite for that? I would look at the Nerbo v. Bethlehem Steel, which is the U.S. Supreme Court case. And page 168 is where they talk about the notion of the merger between the two doctrines and then the subsequent split, the recognition that they're different concepts. And then again you get to Joseph Egg, which to me is a Ninth Circuit case, which to me says look to State law to define local action doctrine. Those are two different questions, as I understand it. If you assume that the local action doctrine applies as a limit on Federal jurisdiction — let's make that assumption — then you get to the question of is it a local action. Right. And to determine if it's a local action, we need to know where to look. Are we together so far? Yes. But my point is that California, subsequent to OFER, has really clarified the distinction. It had local action doctrine for subject matter jurisdiction purposes, which is the in rem concept, title to property, where the object of the case is the land. And then it had local action doctrine for venue purposes, which if you look at the Foundation Engineer case is a negligent design of a building. California is clearly more helpful than the Federal law. California law is more helpful. But we're stuck with the Federal law. And when you look at the California cases, including their venue statute, it is possible to discern the difference between what California considers a local action and a transitory action. So we could say we have Federal — a Federal rule that the district court is without authority to hear a case out — a local action outside of its state. And we know from California what constitutes a local action, a trespass or injury to property or the like. Therefore, this is a local action in Connecticut. Why isn't that a correct reading of our current case law, which is what the district court did? Well, again, I think that the current case law in the Ninth Circuit is Joseph Figg relying on OFER. And I think that when the district court was looking at what is the definition of a local action, it was applying the wrong definition, because California had two definitions. It had the subject matter jurisdiction definition, and it had the venue definition. And if you apply the subject matter jurisdiction definition of local action in California, this case doesn't fit within that. So in order for you to win, we would have to say that Federal law of our authority to hear — Federal court's authority to hear a case, we consider whether a state court would have authority to hear the case. Is that what you're saying? No. What I'm saying — I think we can win on a couple different routes. One way we can win is to say that the Federal court, based on Joseph Figg, should look at the Californian definition of subject matter jurisdiction. Why would we do that? It's not even a constitutional issue. In state law, it's a completely different concept. Well, I — Whether this is a county — whether the court in a county can hear a case that arises in another county is just totally different from what Federal courts have to consider. I agree, and that's why I think the district court was wrong. I think that there — for purposes of subject matter jurisdiction, under California law, there is not a local action doctrine that has anything to do with our case. But that's what the — But they do define what a local action is. That's what I keep coming back to. They define it in different ways for different purposes. So the question is when you're — which definition do we look at? Do we look at the subject matter jurisdiction definition, or do we look at the venue definition? If we look at the California subject matter jurisdiction definition, which has been repealed, but let's say the statute hadn't been repealed, it's only quiet, title, actions for possession. That is the subject matter jurisdiction concept. If you want to look at the local action doctrine for venue purposes, then you have this much broader concept. When you say subject matter jurisdiction purposes, are you referring to the constitutional venue rule that was then repealed? So you're saying that because that was a constitutional venue rule, it is more akin to what we are considering. Is that your argument? Well, the California cases, there are some cited in our brief that do the distinction between, under California law, subject matter jurisdiction, local action doctrine, and venue local action doctrine. And the Constitution was the subject matter jurisdiction version of the local action doctrine, and the 392 is the venue version of the local action doctrine. So what I'm saying is that if you want to go look at what California law defines as a local action doctrine, and you want to look at it in the context of subject matter jurisdiction, then you should look to what the California law said local action doctrine was, just for subject matter jurisdiction purposes. You shouldn't look at the California definition for venue purposes. The California definition for subject matter jurisdiction purposes was this much more limited, in rem concept, quiet, title, possession, things of that nature. So that's why we think the judge applied the wrong definition of the local action doctrine. The judge below should not have applied the venue definition, should have applied the subject matter jurisdiction definition. And I think over is where the confusion comes from, and that's why I think those four sentences I mentioned are important, because that was before the courts could separate between the two concepts. I'd like to just briefly comment on the relief we're seeking, too. You know, our client is a landlord, owns a lot of apartments. I mean, he could go on his roof and take the dishes off and plug up the holes. What he's really looking for is to have this practice stop. He doesn't want people coming on his property without his consent. And I think if you look at the UCL claim, and in particular your recent decision in AT&T Mobility, what we're looking at is, you know, where is the wrongful conduct occurring? And our claim is that the wrongful conduct is this policy that emanates from California. And in AT&T Mobility, the court said, we don't just look where the injury occurred. We can also look at the situs of the wrongful conduct. And in AT&T – So the wrongful conduct was all going on to the property in Connecticut, right? Well – And the damages that your client's seeking are all for injury to property, and an injunction to stop trespassing on their property. So it's all related to that property in Connecticut, right? Well, respectfully, we disagree. And I think, again, AT&T Mobility is useful because in that case, it was a price-fixing case. What is your injury from the policy if they never trespass on the property in Connecticut? Well, our injury was in Connecticut. But, again, in AT&T Mobility, the court said, you don't just look at the location of the injury, which was sales of inflated – of price-inflated TVs outside of California. You also look at what happened in California. And the court said, you know, you also look at where the wrongful conduct occurred for a UCL claim, not just if there was an out-of-state injury. And the court said, you know, even if there's an out-of-state purchase and an out-of-state injury, if all the conduct that gave rise to the UCL claim occurred in California, you have a claim under UCL. And we're really under the same theory as that. And, again, our claim isn't for damages. It's really for an injunction to stop the use of this form. Our client just wants consent, the right to give consent. Did you want to save the rest of your time? Yes, thank you. Good morning, Your Honors. May it please the Court, I am Andrew Parris. With respect to this case, we don't believe this is a venue issue. I'll address the court's questions to my colleague. The issue has been considered by the majority of Federal courts to consider this, to consider the local action doctrine one of subject matter jurisdiction. This court considered this issue in another case, another old case, the Columbia River Packers case in 1914, and also found it to be a question that went to the question of subject matter jurisdiction, not an issue of venue. It's not really jurisdiction, though, right? The Supreme Court has said jurisdiction is the authority that Congress gives the courts or found in the Constitution. And there's no statutory basis for this rule, right? This is before we knew what jurisdiction meant, what the Supreme Court has instructed us. That's right, Your Honor. I guess what I would comment on is that real property has always been considered something different. And if you look at the foundation of this rule in this country, which is Livingston v. Jefferson, Chief Justice John Marshall. I can't believe I'm reading a case of Chief Justice Marshall riding the circuit. It's a remarkable opportunity to traipse through history. You can read his discussion of Lord Blackstone in that case. And what he does is he says I am without power to change the common law history that has been brought over to this country. And since that case, the local action doctrine has been incorporated into our jurisprudence. Every commentator says that that doctrine still exists. The Federal courts recognize it. The majority of Federal courts say it goes to subject matter jurisdiction. We don't think the difference would matter whether it was evaluated under Federal common law. This was an issue we argued in the court below. They changed their position for the appellate issue, for the appellate briefings, that we argued it only under California law. But we don't think the issue would change whether it was evaluated as a matter of Federal common law or the California law. But let me ask you about the Second Circuit case, Biggio. I mean, they say, look, this is a relic of English common law, and so we're going to construe it very, very narrowly. The plaintiffs didn't use the word trespass, so their pleading was on a different theory, and so, therefore, local action doctrine doesn't apply. Why shouldn't we follow that sensible approach rather than this local action doctrine from the Chief Justice Marshall riding the circuit? Well, I think that the appropriate thing to do here is look at what the gravamen of the suit is. And the claim here is for injury to real property. But they never used the word trespass, right? Their theory is unfair competition, at least in that one claim. It is styled as unfair competition, although they do cite to California's criminal trespass statute as the foundation of the claim. They say it is inconsistent with the trespass statute. And there are cases, both in Federal and in State law, that say what we really look to is what's the relief being sought. And the fact that there are multiple theories being pled doesn't change the way you evaluate the case. You look at what is the subject matter. This is going back to California law, but you look at what is the subject matter of the suit. And here the subject matter of the suit is clearly this unconsented entry to property, and they are seeking damages for that. They're seeking an injunction against this alleged unconsented entry to property, which is an injunction against trespass. The court could take a very narrow view on that. We think the district court did this evaluation correctly. It is a bit of arcania that exists from several hundred years ago, but it's still part of our jurisprudence. The Josevig-Kennicott case is still good law in this case. It has not been overruled. And we think that the district court correctly applied the standard that's been set forth. But ---- Kagan. So opposing counsel says if we're looking to State law to decide what a local action is, we should look at the constitutional, the now repealed constitutional definition of local action, which doesn't include trespass, rather than other State law that goes more towards venue decisions. How do you respond to that argument? I think it's just incorrect, because I think we're focused on the right decision, which is the Ophir case. And the Ophir case in, you know, decision of the highest court in California said that the foundation of the local action doctrine as a jurisdictional issue is the same foundation that Chief Justice Marshall recognized. It cites to Livingston v. Jefferson. It talks about the common law of England. And then it says we look to not to Article VI, Section 5, the constitutional provision that they say was in fact repealed. They say we look to Section 392 in the Code of Civil Procedure for the definition of a local action. I think it's perfectly appropriate that a district court today would look at the forum law, the law of the forum State, to inform itself as to the definition of a local action, and then make its own decision as to its subject matter jurisdiction. I don't think there's anything wrong with that. So we think he correctly applied the law. There are cases in which trespass has been held, an injunction against trespass has been held to be local. OPHIR is one of them. There's another decision of the California Supreme Court, Williams v. Merced Irrigation District, that we cited to the court. There are also cases in which a court has recognized, the California courts have recognized that the pleading of multiple legal theories does not transform the basic subject matter of the action. And there's a case called Stouffer Chemical Company in which a, the plaintiff had alleged injury to real property by way of a chemical that had been applied to growing crops, and they pled breach of warranty is one of the theories, and they said this makes it a transitory cause of action. And the court said, no, the fundamental injury is to the real property, and the fact that your injury also arises from the breach of warranty doesn't transform it into a mixed cause of action. I think that is a good way of, an analogous case to this one, where the plaintiffs are saying, well, we have a UCL action. I think the proper way of viewing that is the UCL action has as its basis an underlying entry to the, alleged entry to the property without consent. One of the big differences that's important, and was recognized by the district court as well, is that there is no contractual relationship, there is no lease relationship that's alleged to be breached here. The only relationship between the parties is the alleged unconsented entry, and that is the only thing that, that is the fundamental to the court finding for the plaintiffs. And that's an important distinction that, that is also recognized in the federal courts. We cited to the, to the Sprint case, in which, which is a recent case in the district of Massachusetts, which the plaintiffs had alleged that Sprint had, had laid down fiber optic cables over easements and railroad rights-of-ways, and the, they brought a settlement to be entered in a class action. It's somewhat factually analogous to this case, I think. And the claims were trespass, unjust enrichment, and declaratory relief. So not all based on trespass, but the fundamental action was that the plaintiff, was, was that the defendant, Sprint, had trespassed upon the, the plaintiff's lands in states outside of, outside of Massachusetts. It was a multi-state class action. The district judge, citing to Livingston and its long history in the federal law, said, I can't enter this settlement that you brought to me because of objectors raising subject matter jurisdiction. We think that whether this Court applies Federal law or looks to the California law, the judgment of the district court should be upheld. And unless there are other questions, I will submit. O'Connell. Apparently not. Thank you. I can just make four quick points. First, the relief we speak, as I said earlier, is to enjoin the use of Part 2 of the Direct TV to obtain landlord consent. We've been contacted by landlords in 14 different states. And under, I guess, the defendant's position, we should be litigating the same issue in 14 states. We could have the risk of inconsistent judgments on whether the form violates an unfair trade statute or not. Think about the discovery burdens. And so we're seeking personal relief here, in personam relief, and it makes sense to do it all in one court. The second thing is, if Congress decided to void the local action doctrine in 1391 in a venue statute, then how could Congress think that this is a matter of subject matter jurisdiction? And as a consequence, I think that, you know, the Court should, you know, if possible, pay attention to that. The third point is, though we do reference the criminal trespass statute, our claim is not dependent on that statute. Just very recently, the California Supreme Court in Zhang v. Superior Court talked about what it means to be unfair. And it doesn't have to be tied to a statute. Anything that's immoral, oppressive, unethical. And what we have here is unfair competition between DISH Network and Direct TV, where DISH Network gets consent, Direct TV doesn't get consent. And our client, the landlord, is sort of the victim of this because the tenant, who doesn't have an interest aligned with the landlord, and Direct TV are working together to avoid consent. They pretty much admitted it in their brief. And finally, you know, there's a lot of discussion about district court cases from other jurisdictions. I'm just reminded by a case I saw from Judge Posner a couple of years ago, which is, why are you citing district court cases to me, and in particular, why are you citing district court cases from other jurisdictions? If there are any more questions, I'd be happy to answer them. Otherwise, thank you. This case is submitted.
judges: Black, Farris, Ikuta